PIO VITOLIO, Claimant

v.

NIVE VAIVAO REED and TAGOSIALI'I P. FAUMUINA,
Counter-Claimants

NIVE VAIVAO REED and PIO VITOLIO, Plaintiffs

v.

TAGISIA FAUMUINA and DOES I-V, Defendants

In the Matter of the Matai Title "IU"

In the High Court of American Samoa
Land and Titles Division

MT No. 11-91
MT No. 02-93

February 3, 1994

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, AFUOLA, Associate Judge, and MAILO, Associate Judge.

Counsel:     Counter-Claimant and Plaintiff Nive Vaivao Reed, Togiola T.A. Tulafono
             Counter-Claimant and Defendant Tagisia Faumuina, Afoa L. Su'esu'e Lutu

Opinion and Order:

The Territorial Registrar's referral of this case for judicial resolution was received by the court on November 27, 1991, following issuance of a certificate of irreconcilable dispute by the Deputy Secretary of Samoan Affairs on November 20, 1991. On March 3, 1993, counter-claimant

127

and plaintiff Nive Vaivao Reed ("Nive") and claimant and plaintiff Pio Vitolio ("Pio") commenced a second action to enjoin counter-claimant and defendant Tagisia Faumuina ("Tagisia"), and others acting in concert with him, from using the matai title "Iu" of the Village of Leloaloa without proper registration as the titleholder.

On March 29, 1993, at the hearing on the application for the preliminary injunction, the two actions were consolidated. Furthermore, since all candidates had failed to file a completed questionnaire, mandated by T.C.R.L.T. Rule 3 in order to proceed with the title registration action, the court ordered the three candidates to comply with this requirement no later than 30 days after the hearing. Nive and Tagisia also stipulated that Tagisia would be preliminarily enjoined from using the "Iu" title without further court order or proper title registration. The written preliminary injunction was issued on April 5, 1993.

Nive and Tagisia filed timely questionnaires. Pio did not file one and dropped out of contention for this matai title. Trial was held on November 23, 24 and 29, 1993. Both Nive and Tagisia were present with their counsel throughout the trial proceedings.

The parties presented fundamentally different traditional methods for the selection of successors to the "Iu" title. On the one hand, High Chief Faumuina Ioane, the present sa'o or senior matai of the Faumuina family of Leloaloa, characterized the "Iu" title as a lesser matai of the Faumuina family, who is chosen solely by the Faumuina titleholder's pule or authority. Tagisia was his choice. On the other hand, Nive identified the "Iu" title as the sa'o at the head of the distinct "Iu" family of Leloaloa, who must be picked by the extended "Iu" family members. Several reported cases during the early history of this court acknowledged the custom of a matai titleholder selecting a successor titleholder. *E.g., Matautia v. Tautunu*, 1 A.S.R. 226, 228 (Trial Div. 1910); *Tupua v. Aumavae*, 1 A.S.R. 231, 233-34 (Trial Div. 1910); *see also Sagapolu v. Tanielu*, 1 A.S.R. 331, 336 (Trial Div. 1922) (Samoan custom "has prescribed almost invariably up to the time the flag was raised in American Samoa that the previous 'matai' designated the next succeeding 'matai'.")

While most of these cases deal with a matai's pule to appoint his own successor, at least two cases recognized this right over a different matai title. *Afoa v. Lutu*, 1 A.S.R. 121 (Trial Div. 1905) (Afoa may appoint Lutu titleholder if Lutu family cannot agree); *Faagata v. Afoa*, 1 A.S.R. 524 (Trial Div. 1935) (Afoa gives himself the Lutu title).

■ Eventually, whether the result of the spirit of American democratization or other causes, and probably the evolutionary product of several influences, this method of designating matai was largely replaced by procedures during which family members make this highly significant decision. *See Sagapolu v. Tanielu*, 1 A.S.R. at 338-39. This newer selection method has been legislatively recognized since at least 1949. Code of American Samoa § 933 (1949). It is currently found in A.S.C.A. § 1.0409. Thus, while some families or matai may still practice the old, autocratic custom, it must be viewed under the law as only a relic from a bygone era.

■ Tagisia's argument that failure to recognize the old custom infringes upon the provisions of the Cession of Tutuila, Cession of Manu'a Islands, and Revised Constitution of American Samoa, which are designed to protect fa'a-Samoa or the Samoan way of life, is not persuasive. A.S.C.A. § 1.0202 clearly provides that custom in conflict with law must give way. More importantly, the Fono or Legislature of American Samoa has essentially told the court that A.S.C.A. § 1.0409 represents its best effort to equate law with current custom in this field and that as a matter of policy, the court must apply the four criteria set forth in this measure when registration of a matai title in dispute is brought before it for resolution. *See In re Matai Title "Sotoa"*, 6 A.S.R.2d 91, 95 (App. Div. 1987) ("the statutes concerning matai titles and other customary matters represent the best effort of the Fono . . . to incorporate custom into written law"); *see also In re Matai Title "Muagututi'a"*, 14 A.S.R.2d 67, 68 (Land & Titles Div. 1990) ("The law governing matai titles specifies four criteria on which the Court must make findings in every action for the registration of a matai title."); *In re Matai Title "Tauala"*, 14 A.S.R.2d 83, 87 (Land & Titles Div. 1990); *In re Matai Title "Togiola"*, 3 A.S.R.2d 127, 127-28 (App. Div. 1986); *In re Matai Title "Le'iato"*, 3 A.S.R.2d 133, 133-34 (App. Div. 1986).

FINDINGS OF FACT

1. Best Hereditary Right.

Evidence tracing the blood relationships with former "Iu" titleholders, separately submitted by each candidate, did not establish any common ancestor and were not unequivocal. Nonetheless, despite this evidentiary lack of linkage and clear-cut certainty, we find that both Tagisia and Nive have "Iu" heritage.

Although Nive's research, prompted by this controversy, did not reveal any "Iu" named Iu Saveasiu Leo as such, we are satisfied that he was an "Iu" titleholder and was Tagisia's great-grandfather. Using the long-standing traditional standard, this relationship provides Tagisia with 12.5% "Iu" blood.

Nive is the granddaughter of Vaivao Tapai, who she claimed was an "Iu" titleholder prior to Iu Pualii Leo. These individuals were Iu Paleasala's grandsons. On October 26, 1906, during the first matai title registration period in American Samoa, they registered titles from Lelaolao--Vaivao Tapai the "Vaivao" title and Pualii Leo the "Iu" title. Pualii Leo was very active in church work in Western Samoa both before and after registering the "Iu" title. According to the evidence, Vaivao Tapai held the "Iu" title before this registration and performed the title's functions for Pualii Leo, who returned to Western Samoa after the registration.

If Vaivao Tapai was an unofficial "Iu" at all times, Nive is a great-great-granddaughter of an "Iu" and has only 6.25% "Iu" blood. However, we are persuaded that he held the "Iu" title for a time and that Nive has 25% "Iu" blood. Thus, she has a one-generation advantage over Tagisia for purposes of this criterion.

2. Wish of the Clans.

The candidates also failed to have any common agreement as to the clans of the "Iu" family. Tagisia identified two to four clans during his testimony, but not explicitly whose progeny founded them. Nive named two clans, based on the lineages started by Iu Paletasala's two children. However, she also agreed that as many as 10 "Iu" titleholders, beginning with the childless Iu Le'I Maua, preceded Iu Paletasala. The customarily recognized clans of the family were simply not shown by the evidence.

Moreover, once again the court is faced by the lack of any statutory definition of a "clan." However, we need not either identify the family's clans or undertake any meaning of the word in this case. The testimony clearly established that neither the members of the whole family nor of any of its clans met and discussed their choice for the new "Iu." The only meeting for this purpose quickly ended with Tagisia's direct appointment by Faumuina Ioane. Thus, neither candidate can claim to have the support of the majority or plurality of the family's clans, and this criterion results in a draw.

3. Forcefulness, Character, Personality, and Knowledge of Samoan Customs.

Nive displayed a more outgoing personality, while Tagisia presented a quiet, pleasant demeanor. Each evidenced forcefulness in his or her own manner and maturity in approaching matters. No detractions in character was manifested in either of them.

Nive has become quite knowledgeable about "Iu" family history, at least in modern times. Tagisia was clearly less sure of these matters. Nonetheless, Tagisia demonstrated his knowledge of Samoan custom quite well, as indicated, for example, by the role entrusted to him in leading the fa'a-Samoa aspects of the late Iu Ielome's funeral proceedings.

The decision on this criterion is a close call. However, on balance, we are satisfied that Tagisia has better characteristics to bring to the "Iu" title and give him the edge in this regard.

4. Value to Family, Village and Country.

Both candidates graduated from high school, and Nive is a trained nursing professional. She has managed small businesses and participated actively in church affairs abroad and at home. She has maintained close family and village ties.

Following high school, Tagisia launched a 26-year career in shipping and has been the general manager of a major, local shipping firm for the last 17 years. He has been a member of the House of Representatives of the Legislature of American Samoa and has served on several important government committees, boards, and commissions. He too has been active in church matters and has kept up with family and village concerns.

While both candidates are qualified to take up the "Iu" title, we are persuaded that Tagisia's lengthy managerial role in business and dignified leadership style will considerably assist in molding peace and harmony within the family and give him a decided advantage on this criterion.

CONCLUSIONS OF LAW

1. Nive has the better hereditary right to the "Iu" title.

2. In the absence of any selection process by the family, neither candidate can claim to have majority or plurality clan support for the title.

3. All factors considered, Tagisia would bring better personal characteristics and practical experience with Samoan customs to the title. He prevails slightly on this standard.

4. Again, taking into account all aspects, Tagisia is given a substantially superior ranking in potential value to family, village and country.

5. More weight must be given to each standard over those following it. The relative advantage in each category must be evaluated as well. *In re Matai Title "Tauala"*, 15 A.S.R.2d 65, 69 (Land & Titles Div. 1990). In our analysis, Tagisia's stronger rankings in personal characteristics and leadership value outweigh Nive's stronger hereditary right. Thus, the matai title "Iu" is awarded to Tagisia.

The territorial registrar shall register the "Iu" title in the name of Tagisiali'i P. Faumuina.

Judgment shall enter accordingly.

It is so ordered.